**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RODNEY COLLINS**                                                                                        **PLAINTIFF**

**VS.**                                    **CASE NO. 4:08CV003593 JMM**

**MITCH WIDLER
AND CHRISTIE WIDLER**                                                              **DEFENDANTS**

**ORDER**

On October 7, 2008, plaintiff filed his complaint in the United States District Court for the Eastern District of Arkansas asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. The complaint stated that plaintiff was a resident of Texas and that defendants were citizens of Arkansas.

On October 27, 2008, defendant Mitch Widler filed a Motion to Dismiss for lack of diversity jurisdiction.  The Motion to Dismiss was supported by defendant Mitch Widler's affidavit that Christie Widler is deceased and he was a resident of the State of Texas at the time the law suit was filed.

Plaintiff responded by asserting that (1) the statements contained in the affidavit are not properly before the Court because the affidavit was not properly acknowledged as required under Arkansas law; (2) defendants have not met their burden of proof; or (3) in the alternative, if this Court accepts that defendants are Texas residents, the Motion to Dismiss should still be denied in the interest of judicial economy and comity.

When jurisdictional allegations are challenged, plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence.  *See Blakemore v. Missouri Pac. R.R.*, 789 F.2d 616, 618 (8th Cir.1986).   Diversity jurisdiction exists "where no defendant holds citizenship in

the same state where any plaintiff hods citizenship." *OnePoint Solutions, LLC v. Borchet*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978)). The existence of diversity of citizenship is determined at the time the suit is filed. *Blakemore v. Missour Pac. R.R.*, 789 F.2d at 618.

Because plaintiff has invoked the Court's diversity jurisdiction, this Court is free to apply federal procedural law. *See Kampa v. White Consol. Industries, Inc.*, 115 F.3d 585, 587 (8th Cir. 1997). Pursuant to the Federal Rules of Civil Procedure, defendant's affidavit is properly before the Court. *See* Federal Rules of Procedure 6(d), 12(b), 43(e), and 56(e).

Plaintiff's complaint clearly states that he is a citizen of Texas. By affidavit defendant states that he is a citizen of Texas. Plaintiff has failed to met his burden of proof that there was diversity of citizenship between the parties at the time the lawsuit was filed. Thus, this Court lacks diversity jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 728 & n. 4 (8th Cir.1990) (district court entitled to resolve fact issues in determining its jurisdiction).

Finally, considerations of judicial economy and comity can never override a failure of jurisdiction. Accordingly, defendant's Motion to Dismiss is granted (#2) and plaintiff's complaint is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED THIS   17   day of   November  , 2008.

_____
James M. Moody
United States District Judge